**LEATHERMAN, ESTATE OF, In re**

Ohio Appeals, 9th Dist, Medina Co.

No. 163.   Decided Oct. 3, 1938

Schnee & Belden, Akron, and Merle M. Agin, Wadsworth, for The Wadsworth Lumber Co., appellant.

Garver & Baumer, Wadsworth, for Wilson T. Leatherman, Admr of the estate of John H. Leatherman, deceased, appellee.

## OPINION

By STEVENS, PJ.

This cause came into this court as an appeal on questions of law. The only question presented is as to whether or not the Probate Court abused its discretion in refusing to permit the reinstatement, under §10509-134, GC, of a claim of The Wadsworth Lumber Co. against the estate of said decedent.

The record discloses that the amount owing said company from said estate as shown by the balance sheet kept by the company, was $744.57; that before the present controversy arose the administrator had negotiations and dealings with the company, through its president, which constituted in law a waiver of formal presentation of said claim, and its allowance by the administrator for the amount shown to be due by the books of the company.

After an examination of the books of said company by an auditor, this application was made to file a claim for a much larger sum than shown by the balance sheet, but including that sum in the application, and such application was made six months after the expiration of the limit allowed by law for the filing as of right of a claim against the estate.

Having reached the conclusion that the conduct of the administrator and the agents of the company constituted an allowance of the claim in the amount shown on the ledger sheet, this controversy involves only the difference between that sum and the amount of the claim in excess thereof.

A careful consideration of the evidence as shown by the record leads us to the conclusion that we cannot find that the Probate Court abused its discretion in refusing to reinstate the claim for the excess over and above the amount which had already been allowed by the administrator.

The judgment will therefore be affirmed.

WASHBURN, J. and DOYLE, J., concur.